## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **KIM TURNER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-CV-02015-N** |
| | § | |
| **AMPEX HOLDINGS OF DALLAS, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## JOINT REPORT OF STATUS AND SCHEDULING CONFERENCE

A.    **Brief statement of the nature of the case and the contentions of the parties;**

PLAINTIFF: Plaintiff is disabled and required to traverse via a wheelchair.  Plaintiff lives 8 miles from the Property location at 4117 North Josey Lane, Carrollton, TX  75006 (the "Property").  Defendant, AMPEX HOLDINGS OF DALLAS, LLC, is the owner or co-owner of the real property.  On August 8, 2019, Plaintiff travelled to KFC and purchased food.  While there, Plaintiff encountered numerous barriers to access present at the Property in violation of 2010 ADAAG standards.  Plaintiff is also an independent advocate of the rights of similarly situated disabled persons.  Her motivation to return to this location, in part, stems from her desire to utilize ADA litigation to make her community more accessible for herself and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months or sooner, after it is accessible. Due to Plaintiff's disability, Plaintiff was discriminated against by Defendant for their failure to remove barriers to access at their public accommodation.  The injunctive relief requested by Plaintiff includes

fixing the violations of the Americans with Disabilities Act Plaintiff encountered or was made aware of after her visit to the Property to the specifications detailed in the 2010 ADAAG standards.  These modifications are readily achievable to accomplish.  Plaintiff is entitled to recover her reasonable attorney's fees and costs expended as a result of this lawsuit.

<u>DEFENDANT:</u> Defendant denies all material allegations of fact and denies the existence of any violations of law as alleged or otherwise.

**B.      Status of settlement discussions (excluding any discussion of amounts);**

The parties are actively engaged in settlement discussions. Defendant is currently considering Plaintiff's counterdemand.

**C.      Possible joinder of additional parties;**

The parties do not anticipate the joinder of additional parties at this time.

**D.      Any anticipated challenges to jurisdiction or venue;**

The parties do not anticipate any challenges to jurisdiction or venue.

**E.      Date by which the case will be ready for trial and estimated length of trial;**

The parties anticipate that the case will be ready for trial on or after <u>January 25, 2021</u> and estimate that 2 to 3 days may be needed for trial.

**F.      Desirability of ADR, and the timing for ADR; and**

Parties agree that mediation may be appropriate after limited discovery by <u>July 31, 2020</u>. The parties will submit the name of a mutually agreeable mediator no later than <u>March 6, 2020</u>.

**G.      Any objections to disclosure under Rule 26(a)(1).**

The parties do not have any objections to disclosure under Rule 26(a)(1).

## RULE 26(f) CONFERENCE

a.   **What changes, if any should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not believe any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties agree to make disclosures under Rule 26(a) on or before November 25, 2019.

b.   **The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties agree that discovery may be required over the parties' claims and defenses and any other matters authorized by the Federal Rules of Civil Procedure. The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

c.   **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties are unaware of any issues about disclosure, discovery or preservation of ESI. The parties agree they will produce ESI as PDFs or in the form or forms in which the ESI is ordinarily maintained. The parties agree they will bates stamp their production of documents and make reasonable attempts to meet and confer to resolve any discovery dispute before filing a motion to compel with the Court.

d.   **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties are unaware of any issues related to claims of privilege or protection as trial-preparation material requiring an order from the Court at this time. The parties agree that any disclosure of attorney-client privilege or work product protected information will be inadvertent and does not operate as a waiver and that such information can be withdrawn and that the procedures referred to in FRE 502 will be utilized.

**e.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not propose any changes or limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

**f.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Pursuant to Fed. R. Civ. P. 5, the parties have stipulated and consent to accept service of documents via CM/ECF (both parties are registered) or e-mail.  To effectuate this service, the email must be directed at counsel for Plaintiff and Defendant (and, if necessary, their designated representative(s)).  Plaintiff will accept service at schapiro@schapirolawgroup.com and emil@texaslaw.com. Defendant will accept service at alambert@fisherphillips.com and dchangdikas@fisherphillips.com with a copy sent to DALLAS_DOCKET@fisherphillips.com.

Dated: November 18, 2019

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
THE SCHAPIRO LAW GROUP, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Telephone: (561) 807-7388
schapiro@schapirolawgroup.com

Emil Lippe, Jr., Esq.
LIPPE & ASSOCIATES
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Telephone: (214) 855-1850
Facsimile: (214) 720-6074
emil@texaslaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Arthur V. Lambert
Arthur V. Lambert
ATTORNEY-IN-CHARGE
Texas Bar No. 11841250
Dana T. Chang Dikas
Texas Bar No. 24110975
FISHER & PHILLIPS LLP
500 North Akard, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
alambert@fisherphillips.com
dchangdikas@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**